IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOYCE YU,<br><br>      Plaintiff,<br><br>    v.<br><br>DFS GROUP, LP,<br><br>      Defendant. | Case No. 19-cv-00645-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |

On November 29, 2019, Plaintiff Joyce Yu, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, along with a civil complaint against Defendant DFS Group, LP, alleging employment discrimination. Dkt. No. 1. Because the IFP Application reflects that Yu does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP Application. However, because Yu does not allege a claim in her complaint, this action is DISMISSED with leave to amend.[2]

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**I.     The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Yu has made the required showing under Section 1915(a). Yu's IFP Application, Dkt. No. 2, indicates that she is unemployed and has no income. Further, Yu does not have any money in a checking or savings account. In light of these facts, Yu's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Yu has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

**II.     Screening**

The standard for dismissal of a complaint that fails to state a claim is the same under 28 U.S.C. Section 1915(e)(2)(B)(ii) and Fed.R.Civ.P. 12(b)(6). *Barren v.*

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Jones v. Schwarzenegger*, 723 F. App'x 523, 524 (9th Cir. 2018); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same standard under Section 1915A). The Court must take the allegations in the complaint as true, excluding those allegations that are merely conclusory, and if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the Court must dismiss the action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court liberally construes a *pro se* Complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Yu's Complaint is a *pro se* form complaint for employment discrimination. Dkt. No. 1. In the Complaint, Yu marked two boxes indicating that she was allegedly terminated from her employment based on her national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. In support of her claim, Yu offers only four sentences worth of factual allegations. The Court concludes Yu has failed to allege sufficient facts to state a plausible claim.

First, the allegations are vague, disjointed, and otherwise unintelligible. Second, Yu has not alleged facts in support of what is perhaps the most basic element of a Title VII claim: Membership in a protected class. *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005) (listing four elements of an employment discrimination claim under Title VII). As such, the Court cannot "infer more than the mere possibility of misconduct," and therefore Yu "has alleged—but has not 'show[n]'—'that [she] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Because the Complaint fails to allege facts supporting a claim under any principle of law, the Court dismisses this action. However, because it may arguably be possible for Yu to allege one or more plausible claims for relief, the Court will allow her leave to amend to attempt to do so. In that regard, the Court will mail Yu a copy of a form complaint for use in a civil *pro se* proceeding, such as this one. Should Yu choose to use the form, she should answer **<u>all of the questions</u>** clearly and concisely. More specifically, Yu should set out each claim under a separate label or heading. Under each claim, Yu must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of

a defendant is connected to the violation of Yu's right(s); (6) what specific injury she suffered because of a defendant's conduct; and (7) what relief she seeks.

Should Yu choose to file an amended complaint, she may not incorporate any part of the original complaint, Dkt. No. 1, in the amended complaint. Rather, all allegations must be re-typed or re-written in their entirety or the claim(s) may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

### III. Conclusion

Yu's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. This action is DISMISSED with leave to amend as set forth herein.

Yu may have until **February 7, 2020** to file an amended complaint. **The Court cautions Yu that failure to file an amended complaint by February 7, 2020 may result in the automatic dismissal of this action without prejudice.**

The Clerk is directed to mail Yu a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: January 3, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

5