IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOYCE YU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DFS GROUP, LP,<br><br>　　　　Defendant. | Case No. 19-cv-00645-DKW-WRP<br><br>**ORDER DISMISSING CASE**[1] |

On November 29, 2019, Plaintiff Joyce Yu, proceeding *pro se*, filed a civil complaint against DFS Group, LP, alleging in conclusory fashion that she was terminated from her employment based on her national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. Dkt. No. 1. The Court dismissed Yu's complaint without prejudice on January 3, 2020 and granted Yu until February 7, 2020 to file an amended complaint that addressed the deficiencies identified by the Court. Dkt. No. 8. Because Yu has failed to file an amended complaint as of the date of this Order, this action is DISMISSED WITHOUT PREJUDICE.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Yu's failure to comply with the January 3, 2020 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Yu's failure to comply with the January 3, 2020 Order impedes this Court's ability to manage its docket. This Court cannot manage its docket if

litigants, like Yu, fail to timely comply with the Court's instructions and orders. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Yu has offered no explanation for her failure to comply with the January 3, 2020 Order. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case when it provided Yu with an opportunity to amend her Complaint and guidance on how to do so. Despite the Court warning her that failure to file an amended complaint within the time allowed may result in dismissal of this action without prejudice, Yu has not availed herself of this opportunity, and, thus, the only alternative is to allow allegations that do not state a claim to proceed. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered when the district court warned the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the January 3, 2020 Order and failure to prosecute. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: February 12, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Joyce Yu v. DFS Group, LP*; Civil No. 19-00645 DKW-WRP; **ORDER DISMISSING CASE**